(Reap. Dec. 10062)

THE HUFFMAN MANUFACTURING COMPANY *v.* UNITED STATES

Entry No. 1603.

(Decided August 16, 1961)

*Stein & Shostak* for the plaintiff.

*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The above-enumerated appeal for a reappraisement presents the question of the proper value for dutiable purposes of certain bicycles and parts.

It has been stipulated and agreed by the parties hereto that, at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other

costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice unit values, net packed. It was further stipulated and agreed that there was no higher foreign values for such or similar merchandise at the time of exportation.

Upon the agreed facts of record, I hold that export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(d)), is the proper basis of value for the bicycles and parts in issue and that said value is the invoice unit values, net packed.

Judgment will be entered accordingly.